FILED
 2012 Sep-05 AM 09:19
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| WANDA D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:09-CV-01979-KOB |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Counsel's "Motion for Award of Attorney's Fees" (doc. 13). For the reasons stated in this Memorandum Opinion, the court finds that the Motion for Award of Attorney's Fees (doc. 13) is due to be GRANTED IN PART and DENIED IN PART.

Plaintiff's counsel attaches records reflecting 19.2 hours spent at the district court level and separate records reflecting 43.5 hours spent at the administrative level. He also attaches the fee agreement between himself and the plaintiff agreeing to an attorney fee of "equal to 25 percent of the past due benefits paid to me." (doc. 13-5). Further, the petition attaches a letter from the Social Security Administration dated June 16, 2012, stating the amount of past due benefits awarded and advising that it withheld $18,922.48 from the past due benefits to pay attorney's fees. (doc. 13-2, at 3).

1

First, the court confirms that it may only determine the value of the services rendered at the district court level, and that it "is without jurisdiction to award fees for professional representation in the administrative proceedings." *Gardner v. Mitchell*, 391 F.2d 582 (5th Cir. 1968). The "authority to award an attorney's fee for representation of a claimant before the Secretary [is] granted by 42 U.S.C. s [sic] 406(a) to the Secretary alone." *Caldwell v. Califano*, 455 F. Supp. 1069, 1070 (N.D. Ala. 1978). Therefore, the court can only consider in its award the services that Plaintiff's counsel lists in document 13-3 and cannot consider administrative services listed in document 13-4.

Second, the court must determine the reasonableness of the fee request for services before this court. The court has reviewed the counsel's services rendered in document 13-3, which includes 10 hours researching and preparing the plaintiff's brief and substantial time drafting the plaintiff's federal appeal and reviewing the administrative documents related to the case. In this case, the plaintiff's counsel achieved full recovery for his client and produced a very compelling and well-written brief on behalf of the plaintiff. For this particular case, the court finds in its discretion that 19.2 hours is a reasonable number of hours spent on plaintiff's case.

The court must also determine the reasonable rate of attorney's fees. The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), (abrogating *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999)), held that a 25% contingency fee agreement under 42 U.S.C. 406(b) is presumptively reasonable, subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court also stated that a downward adjustment may be necessary if "the benefits are large in comparison to

the amount of time counsel spent on the case." *Id.* at 808.  The attorney for the plaintiff has the burden of proving the reasonableness of the fee within the twenty-five percent limit. *Id.* at 807.

      The court has reviewed the terms of the fee agreement; the record of attorney services rendered; the letter from the Social Security Administration to the Plaintiff dated June 16, 2012, granting full benefits for the plaintiff; the information in the petition for attorney's fees; and the docket sheet for this case.  While that counsel achieved a great victory for his client, a full twenty-five percent award would result in counsel receiving $985.55 for every hour of district court work on the case. That hourly rate screams excessive without any comment from the court. As the government points out in its Response (doc. 14), an award of $18,922.48 would result in a windfall to counsel, which the Supreme Court advised reviewing courts to disallow. *Id.* at 808.

      In previous Social Security attorney petitions, this court has deemed reasonable attorney's fees to be an approximate average of $175 per hour.  After review of the counsel's records and exhibits and in light of the counsel's high quality of work and exceptional result, the court finds that a $200 per hour rate is reasonable under the circumstances and consistent with the local market rate for attorneys with comparable experience and expertise.

      Accordingly, the court finds that the motion is due to be granted to this extent: it authorizes an attorney's fee of $3,840.00 ($200.00 x 19.2= $3840.00) for services rendered before this court.

      Dated this 5th day of September, 2012.

                                                                         KARON OWEN BOWDRE
                                                                        UNITED STATES DISTRICT JUDGE